**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EIHADJ OUSMANE BALDE,

       Petitioner,

v.

WILLIAM P. BARR, Attorney General,

       Respondent.

No.    18-70796

Agency No. A213-077-593

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2020[**]

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

    Petitioner Eihadj Ousmane Balde, a native and citizen of Guinea, petitions

for review of a decision of the Board of Immigration Appeals (BIA) dismissing his

appeal from the denial of his applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). He argues that the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge (IJ) erred in finding his testimony not credible, not allowing him to present original copies of certain documents, and finding that he had not satisfied his burden of proof for CAT protection.

1.     We review adverse credibility determinations for substantial evidence. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). As a finding of fact, a credibility determination is "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (internal quotation marks omitted). An adverse credibility determination alone, when properly based on substantial evidence, is enough to support the denial of asylum. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010).

Substantial evidence supports the adverse credibility determination here. The IJ articulated multiple internal inconsistencies in Balde's testimony, as well as inconsistencies between Balde's testimony and the record evidence. For example, Balde was inconsistent in his testimony about when and where he met his boyfriend, whether they kissed in public, whether they lived together, and whether he told a family member about the relationship. These were not the type of minor inconsistencies that would not ordinarily support an adverse credibility finding. *See Ren v. Holder*, 648 F.3d 1079, 1087 (9th Cir. 2011) (explaining that minor

2

inconsistency voluntarily corrected in the moment is not sufficient to support an adverse credibility finding).

2.     Balde also argues that the IJ erred by not allowing him to present the original version of certain documents.  This is a challenge to a "correctable procedural error" that Balde failed to present to the BIA.  *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002).  Accordingly, the issue is not exhausted and this court lacks jurisdiction to review it.  *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001).

3.     Because Balde failed to establish eligibility for asylum, he necessarily failed to establish eligibility under the more stringent standard for withholding of removal.  *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

4.     Finally, the record does not compel the conclusion that Balde is eligible for protection under CAT.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (finding denial of protection under CAT supported by substantial evidence where based on the same testimony properly found to be not credible below).  Balde presented country conditions evidence, but there is no evidence in the record to compel the conclusion that Balde will be tortured.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that generalized

evidence that is not particularized to the applicant is insufficient to establish CAT eligibility).

PETITION DENIED.